## In re ROCKMORE.

(Supreme Court, Appellate Division, First Department. July 8, 1908.)

1. ATTORNEY AND CLIENT—MISCONDUCT OF ATTORNEY—CRITICISM OF COURTS.

It is the right and duty of every attorney to submit to the authorities having the power to remove judicial officers facts tending to show a violation of judicial duties, but when such charges are made in an appellate court in an action between private individuals the judicial officer against whom they are made has no opportunity to meet them; and while an attorney, or the public generally, has an inherent right to criticise the decisions of the courts or the reasons announced for them, the criticism of the motives of the judicial officers, in proceedings not against the officers whose acts and motives are criticised, tends to subvert the confidence of the community in the courts, and an attorney who as an officer of the courts makes such charges on appeal in an ordinary action is guilty of professional misconduct.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, §§ 59, 60.]

2. SAME—SUSPENSION—UNPROFESSIONAL CONDUCT—REFLECTION ON COURTS.

Where an attorney submits to an appellate court an affidavit reflecting upon the judicial integrity of the court from which the appeal is taken, such action constitutes unprofessional conduct justifying suspension from practice, notwithstanding he fully retracts and withdraws the statements, and asserts that the affidavit was the result of an impulse caused by what he considered a grave injustice.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 60.]

Proceedings for the disbarment of David W. Rockmore, an attorney. Respondent suspended for six months.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Howard Townsend, for petitioner.
Charles Strauss, for respondent.

PER CURIAM. The respondent, an attorney and counselor at law, in answer to a motion to dismiss an appeal pending before the Appellate Term of the Supreme Court, submitted an affidavit seriously reflecting upon the character of a justice of the Municipal Court of the city of New York. The Appellate Term certified the matter to this court, and transmitted a copy of the affidavit submitted by the respondent, for such action as this court might deem proper. Notice of this proceeding having been given to the respondent, he has in reply submitted an affidavit explaining the circumstances under which this affidavit was submitted to the Appellate Term. The respondent had appeared for a defendant in an action in one of the Municipal Courts of the city of New York. Judgment had been entered against his client by default, and a motion to open the default had been denied, from which the defendant had appealed to the Appellate Term. The plaintiff had moved to dismiss that appeal, and in opposition to that motion the respondent in this proceeding submitted an affidavit to the Appellate Term which contains a statement that he was desirous of arguing the appeal for the reason that

the attorney for the plaintiff in the action "has the reputation of being the Attorney General in the Second Municipal Court," in which the action was brought, "which means that the said attorney, by reason of his being a resident of the district and by reason of his friendship with the court justices, has the reputation that he has an influence with the court"; that the deponent makes the charge, as there are any number of lawyers who have had the same experience that the deponent has had, that whenever the said attorney was an opponent in the Second Municipal Court there was absolutely no opportunity of presenting the case, or, if the case was tried, that a decision was rendered not upon the merits, but by reason of the connection of the said attorney with the case. In the communication of the Appellate Term to this court it was stated that on the same day another member of the bar appeared before the court, in response to a similar order, to make explanation concerning what seemed to be improper language in his brief reflecting upon a justice of the Municipal Court; that during the last year the court had frequently observed the use of language by attorneys in their briefs exceeding the permissible limit of criticism upon judicial action.

So far as the statement in the affidavit submitted by the respondent relates to the action of the court in the case referred to in his affidavit, we do not think it can be considered upon this application. Matter of Manheim, 113 App. Div. 136, 99 N. Y. Supp. 87. However much the respondent may have deemed himself aggrieved by the action of the justice of the Municipal Court, it was unprofessional conduct for him to submit to an appellate court an affidavit reflecting upon the judicial integrity of the court from which the appeal was taken, and such conduct of an attorney of this court cannot be overlooked. In the Matter of Manheim, 113 App. Div. 136, 99 N. Y. Supp. 87, we had before us a case where an attorney who deemed himself aggrieved by the action of the City Court wrote a private letter to one of the justices which reflected upon his judicial integrity. We there expressed our views upon such conduct, and in that case only refrained from suspending the attorney because the communication was a private letter addressed to the justice only, expressing to the justice the attorney's dissatisfaction, and not intending to be placed upon the record of the court or in any way published, but in that case his course was severely condemned.

We cannot shut our eyes to the fact that there is a growing habit in the profession of criticising the motives and integrity of judicial officers in the discharge of their duties, and thereby reflecting on the administration of justice and creating the impression that judicial action is influenced by corrupt or improper motives. Every attorney of this court, as well as every other citizen, has the right, and it is his duty, to submit charges to the authorities in whom is vested the power to remove judicial officers for any conduct or act of a judicial officer that tends to show a violation of his duties, or would justify an inference that he is false to his trust, or has improperly administered the duties devolved upon him; and such charges to the proper tribunal, if based upon reasonable inferences, will be encouraged, and the person

making them protected. When such charges are thus presented, the judicial officer can be heard in his own defense, and can meet the accusation; but when such charges are made in an appellate court in an action between private individuals the judicial officer against whom the accusations are made has no opportunity to meet them. It is no excuse to say that other attorneys had stated to the respondent that they had experienced similar treatment. The fact that an attorney had made such a charge against the justice from whom the appeal was taken shows that he had intended in that case to obtain an advantage by the statements which it was improper to submit to the appellate court or for the court to consider in determining the rights of the parties upon the appeal. The only effect that could have been intended was to have prejudiced the appellate court against the attorney's opponent in determining the question that was before it; and that of itself was professional misconduct, requiring severe censure. While we recognize the inherent right of an attorney in a case decided against him, or the right of the public generally, to criticise the decisions of the courts, or the reasons announced for them, the habit of criticising the motives of judicial officers in the performance of their official duties, when the proceeding is not against the officers whose acts or motives are criticised, tends to subvert the confidence of the community in the courts of justice and in the administration of justice; and when such charges are made by officers of the courts, who are bound by their duty to protect the administration of justice, the attorney making such charges is guilty of professional misconduct.

The respondent admits the impropriety of his action and states that he filed this affidavit without malice and with the best of motives, but not with the best of judgment; that in this affidavit it was not intended in any way to reflect upon or injure the court, and that the affidavit was made while the respondent was laboring under a sense of injustice which for the time being obscured his judgment; and he fully retracts and withdraws all the statements in the said affidavit contained which in any wise reflect upon or impugn the motives of the court. He also states that this was his first offense, and asks that he may be absolved from intentional wrongdoing, and is prepared to make such reparation as the court deems he should make in the premises. This court is not concerned so much with the punishment of the respondent as with the discharge of its duty of protecting the administration of justice; and, while we are willing to accept the statement of the respondent that preparing and filing this affidavit was the result of an impulse caused by what he considered a great injustice inflicted upon himself and his client, we cannot overlook the fact that the statements are made in an affidavit deliberately sworn to by the respondent and which was submitted to the court to influence its judicial action. It all shows deliberation and premeditation, and not the impulsive writing of a letter, or oral remarks addressed to the court, and is, we think, within section 67 of the Code of Civil Procedure; and we do not think that we are justified in overlooking this offense.

111 N.Y.S.—56

The respondent must therefore be suspended from practice for the period of six months, and we wish to have it understood that in the future we shall deem it our duty to treat such an offense as a serious breach of the duty that attorneys owe to the courts of the state and to the administration of justice.